# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-30772

_____

United States Court of Appeals
Fifth Circuit

**FILED**

August 11, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BURNEAL ELLIOTT,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CR-88-1

_____

Before DUNCAN, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Burneal Elliott pled guilty to violations of, *inter alia*, 18 U.S.C. §§ 922(g)(1) and (o). He now challenges the constitutionality of those convictions, as well as the district court's application of a sentencing enhancement under U.S.S.G. § 2K2.1(b)(1)(B). Our precedent forecloses his § 922(o) claim, and he fails to show non-harmless error in the court's application of § 2K2.1(b)(1)(B). But because the district court plainly erred

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-30772

in concluding § 922(g)(1) is constitutional as applied to Elliott, we reverse in part, vacate his sentence in part, and remand. We otherwise affirm.

## I.

In March 2021, Burneal Elliott pled guilty to: possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 1); possessing a machine gun, in violation of 18 U.S.C. § 922(o) (Count 2); possessing with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 3); and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 4). Following his plea, he filed a motion to dismiss his §§ 922(g)(1) and (o) charges.

On June 24, 2024, the district court denied Elliott's motion to dismiss as untimely under Federal Rule of Criminal Procedure 12, highlighting his failure to assert good cause. In the alternative, the court ruled against him on the merits.

Before sentencing, the court notified the parties that it believed the Probation Office miscalculated Elliott's guidelines range and that it was considering an upward departure. In response, the Probation Office issued a revised PSR; it featured an increased guidelines range and recommended a two-level enhancement under U.S.S.G. § 2K2.1(b)(1)(A) because Elliott's "offense involved three to seven firearms."

The Government moved for an upward variance. Elliott objected to both the Government's motion and the newly applied enhancement under § 2K2.1(b)(1).

At sentencing, the district court heard witness testimony pertaining to the enhancement and considered Elliott's objection to it. The court found that Elliott possessed firearms as a felon on ten separate dates prior to the

March 2021 offense at issue, and that those possessions related to the March 2021 offense. Accordingly, the court concluded he was subject to a "four-level enhancement [under § 2K2.1(b)(1)] for possessing 8 to 24 firearms." Elliott objected on grounds that the Probation Office maintained only three firearms were related to the March 2021 offense, and his possession of firearms on multiple other occasions did not necessitate the conclusion that each firearm was distinct, as required by the Guidelines. The court overruled Elliott's objection but later revised its firearm count to eight.

In sentencing Elliott, the district court grouped Counts 1, 2, and 3 pursuant to U.S.S.G. § 3D1.2(c). It then concluded that, under U.S.S.G. § 3D1.3(a), Elliott's base offense level was 20. The court imposed an upward variance from there, sentencing Elliott to a 15-year aggregate imprisonment sentence: 120 months for Counts 1, 2, and 3, to run concurrently, and 60 months for Count 4, to run consecutively to the sentence imposed for Counts 1–3. It entered judgment on December 9, 2024. Elliott timely noticed this appeal.

## II.

Elliott failed timely to assert his constitutional challenges in district court. Under Federal Rule of Criminal Procedure 12(b)(3), any motion asserting an indictment is defective must be raised before trial, or, as here, entry of a guilty plea. Only if the defendant shows "good cause" can the court consider an untimely motion. FED. R. CRIM. P. 12(c)(3). Because Elliott moved under Rule 12 to dismiss the indictment "over six months after pleading guilty," without attempting to show good cause, plain-error review applies to his §§ 922(g)(1) and (o) claims. *See United States v. Vasquez*, 899 F.3d 363, 373 (5th Cir. 2018).

Under plain-error review, a defendant must show "clear or obvious" error, and that the error affected his substantial rights. *United States v. Toure*,

965 F.3d 393, 399 (5th Cir. 2020) (internal quotes and citation omitted). Even when the defendant makes that showing, this court "will exercise [its] discretion to correct the error only if it 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (citation omitted).

## A.

We first address Elliott's § 922(g)(1) claims. He brings an as-applied challenge to his § 922(g)(1) conviction, as well as two facial challenges: that § 922(g)(1) is unconstitutionally vague; and that it exceeds Congress's authority under the Commerce Clause. Because his as-applied claim warrants reversal, we do not consider his facial arguments.

As the Government concedes, this court recently held that § 922(g)(1) is unconstitutional as applied to defendants whose predicate felony is simple possession of cocaine. *United States v. Hembree*, 165 F.4th 909, 918 (5th Cir. 2026). Though we decided *Hembree* after the district court dismissed Elliott's motion, we are not required "to go back in time and determine what was 'clear' or 'unclear' at the time of the trial"; instead, we "simply apply the law as it is and determine whether the error is plain." *United States v. Escalante-Reyes*, 689 F.3d 415, 420–23 (5th Cir. 2012) (quote at 423). In the light of *Hembree*, the district court's denial of Elliott's motion to dismiss his § 922(g)(1) charge was plainly erroneous. *See Hembree*, 165 F.4th at 918. And the court's obvious error affected Elliott's substantial rights because without it, the court would have dismissed his § 922(g)(1) charge. *United States v. Knowles*, 29 F.3d 947, 951 (5th Cir. 1994) (stating "a plain error affects 'substantial rights' when it is 'prejudicial'" or it impacts "'the outcome of the [d]istrict [c]ourt proceedings . . . .'" (citation omitted)). "Finally, . . . failure to address [Elliott's] challenge to the constitutionality of [his statute

No. 24-30772

of conviction] would seriously affect the fairness, integrity, and public reputation of judicial proceedings." *Id.* at 951–52.

Because the district court plainly erred in denying Elliott's motion to dismiss his § 922(g)(1) charge, we reverse the court's ruling as to Count 1 of his indictment.

**B.**

Elliott next lodges both facial and as-applied challenges to § 922(o). He correctly concedes our recent decision in *United States v. Wilson* forecloses his arguments. 164 F.4th 380, 386–87 (5th Cir.), *reh'g denied*, 174 F.4th 474 (5th Cir. 2026); *see Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016) (holding that "[m]achineguns . . . do not receive Second Amendment protection, so we uphold Section 922(o) at step one of [the *Heller*] framework"). Accordingly, he fails to show the requisite clear or obvious error as to these claims, and the district court properly denied his motion to dismiss Count 2 of his indictment.

\* \* \*

In sum, we reverse the court's denial of Elliott's motion to dismiss his § 922(g)(1) charge. *Hembree* establishes that the district court's ruling as to that charge constituted plain error. We affirm the court's denial of his motion to dismiss his § 922(o) charge.

**III.**

Elliott also challenges his sentence as to Counts 1, 2, and 3. He contends that the district court incorrectly found that he possessed between 8 and 24 guns for purposes of § 2K2.1(b)(1)(B), and that those firearm possessions were relevant conduct for the instant offense. We review a district court's application of the Guidelines *de novo* and its factual findings for clear error. *United States v. Hagman*, 740 F.3d 1044, 1047–48 (5th Cir.

5

2014). A court's findings regarding the number of firearms possessed for purposes of § 2K2.1(b) and its relevant conduct findings are factual findings. *Id.* at 1048. "Under the clearly erroneous standard, we will uphold a finding so long as it is plausible in light of the record as a whole." *Id.* (internal quotation and citation omitted). However, even in the event a court clearly errs, "harmless error review applies." *United States v. Clay*, 787 F.3d 328, 330 (5th Cir. 2015).

Responding to Elliott's sentencing challenge, the Government asserts that the district court's findings underpinning the application of § 2K2.1(b) were not clearly erroneous. But even if the district court erred, the Government argues that any error was harmless. We agree, particularly given Elliott's lack of engagement on this point in rebuttal.

"Even if a district court employs an incorrect guideline range, there are two ways to show harmless error." *United States v. Giglio*, 126 F.4th 1039, 1046 (5th Cir. 2025). "One of those ways is 'to show that the district court considered both ranges (the one now found incorrect and the one now deemed correct) and explained that it would give the same sentence either way.'" *Id.* (citation omitted). "[T]his is not a magic-words requirement." *Id.* at 1047. "Instead, . . . the district court must actually 'entertain[] arguments as to the [purportedly] proper guidelines range.'" *Id.* (alterations in original).

Review of the record reflects the district court's careful consideration of Elliott's Guidelines-based contentions. *See id.* Moreover, the court explicitly stated it would have applied the same sentence regardless of whether the § 2K2.1(b) enhancement applied. Consequently, even assuming that the court's factual findings were clearly erroneous, any error in application of the sentencing enhancement based on those findings was harmless.

While the district court's application of § 2K2.1(b) was not reversible error, we must consider the effect of our reversal of the court's denial of Elliott's motion to dismiss as to Count 1, his § 922(g)(1) charge, on his sentence as to Counts 1, 2, and 3, which were grouped together pursuant to U.S.S.G. § 3D1.2(c). "In some circumstances, 'the aggregate sentence must be unbundled, and the defendant must be resentenced on all counts.'" *United States v. De Bruhl*, 118 F.4th 735, 748 (5th Cir. 2024) (citation omitted). "This must occur 'when the sentences or counts are interrelated or interdependent' . . . ." *Id.* (citation omitted). "Even without such a direct impact, resentencing is warranted if other counts were 'bundled to the reversed counts,' were part of a 'sentencing package,' and all ran concurrently." *Id.* at 748–49. (citation omitted).

That is the case here. As previously discussed, the district court grouped Elliott's first three counts of conviction under U.S.S.G. § 3D1.2(c). This included his § 922(g)(1) count. Because we reverse his § 922(g)(1) conviction, and the court grouped that conviction with Counts 2 and 3, we must vacate Elliott's sentence for Counts 1 through 3 and remand for resentencing. *See De Bruhl*, 118 F.4th at 749 (vacating and remanding for resentencing where court "bundled" reversed counts of conviction with other counts under § 3D1.2). We affirm the court's sentence as to Count 4, as Elliott does not challenge it.

## IV.

Our recent decision in *Hembree* compels reversal of the district court's denial of Elliott's motion to dismiss Count 1 of his indictment, his § 922(g)(1) charge. *See* 165 F.4th at 918. Our precedent forecloses his § 922(o) claims. *See Wilson*, 164 F.4th at 386–87. And any error regarding the district court's application of the U.S.S.G. § 2K2.1(b)(1)(B) sentencing enhancement was harmless.

No. 24-30772

Based on the foregoing, the district court's denial of Elliott's motion to dismiss his § 922(g)(1) charge is REVERSED. Because of our holding regarding Count 1, Elliott's sentence as to Counts 1 through 3 is VACATED and REMANDED for resentencing.

The court's denial of Elliott's motion to dismiss his § 922(o) charge, its application of § 2K2.1(b)(1)(B), and his sentence as to Count 4 are AFFIRMED.